UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUES OMAR FEARENCE, | 2:24-cv-3567-WBS-CKD P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

Plaintiff Jaques Fearence, a state prisoner, proceeds without counsel. Plaintiff filed this civil rights action in the Solano County Superior Court and defendants removed it to this court on December 19, 2024. This matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint states a Fourteenth Amendment equal protection claim against defendant Alvarez and a First Amendment retaliation claim against defendant Norman. Plaintiff may proceed on these claims or file an amended complaint under the guidelines set forth below.

**I.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "naked assertions" or "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.     Allegations in the Complaint

The events described in the complaint allegedly occurred at California Medical Facility ("CMF") in Vacaville, California. (ECF No. 1 at 17-18.) Plaintiff had a full-time assignment in the Main Kitchen, where defendant S. Norman was a Correctional Cook. (Id. at 17.) Defendant Norman treated plaintiff differently and less favorably than her "favorite inmates" who only did the bare minimum of work and got "extra food or whatever they wanted[.]" (Id. at 18.) When plaintiff field a grievance alleging staff misconduct by defendant Norman, she retaliated against him with "intimidation and coercion," threats to fire plaintiff from his job assignment, a recommendation of reassignment made on false pretenses, and frivolous rules violation reports issued because of plaintiff's grievances. (Id. at 18-21.)

On April 23, 2023, defendant Alvarez, who was also a Correctional Cook, insulted plaintiff with a derogatory racial slang reference in Spanish. (ECF No. 1 at 21-24.) Alvaraz nagged, disrespected, and harassed plaintiff constantly, threatened to write plaintiff up with frivolous write ups, and discriminated against him based on his race because she favored Hispanic/Mexican inmates. (Id.) Alvarez made African American/Black inmates do more work than other races in the Main Kitchen and treated them less favorably. (Id. at 22, 25.) Alvarez lied and had plaintiff escorted out of his job assignment for no reason at all. (Id. at 24.)

////

Plaintiff has a severe vision impairment/disability. (ECF No. 1 at 25.) On February 13, 2023, plaintiff was leaving religious services at Chapel B when defendant Crosby denied plaintiff access to the elevator because Crosby believed plaintiff 'wanted to roam around the Unit." (Id. at 25-26.) Plaintiff had to take the stairs, which he alleges violated his rights under the Americans with Disabilities Act. (Id.)

On April 29, 2023, defendant Vang tried to coerce plaintiff into signing a form waiving his right to be present at a disciplinary hearing for RVR Log No. 7295122, stating that if plaintiff refused, a guilty verdict would be rendered. (ECF No. 1 at 28.) Plaintiff asked for a Staff Assistant to ensure effective communication and Vang incorrectly stated plaintiff did not meet the criteria. (Id.) The hearing took place without plaintiff or his Staff Assistant present. (Id. at 29.) Vang later reported to plaintiff that defendant Thurmon adjudicated plaintiff guilty "Like I said he would[.]" (Id. at 29.)

Plaintiff alleges violations of his rights under California's Tom Bane Civil Rights Act, the California Constitution, the California Code of Regulations, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the First Amendment, and the Americans with Disabilities Act. He seeks damages and injunctive relief. (ECF No. 1 at 46.)

**III.     Discussion**

**A. Americans with Disabilities Act**

The complaint does not state a claim under Title II of the ADA. "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [ ]he is a qualified individual with a disability; (2) [ ]he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). To recover monetary damages under Title II of the ADA, a plaintiff must also prove intentional discrimination on the part of the defendants. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Assuming that plaintiff is a qualified individual with a disability, he does not allege any facts suggesting defendant Crosby denied him access to the elevator because of his disability or

3

1  otherwise discriminated against plaintiff because of his disability. Instead, defendant Crosby
2  denied plaintiff access to the elevator because Crosby believed plaintiff wanted to roam around
3  the unit. (ECF No. 1 at 26.) This does not state a claim under the ADA.

### B. Federal Constitutional Claims

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. Plaintiff asserts violations of his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Plaintiff also alleges defendants retaliated against him for filing grievances.[1]

#### 1. Procedural Due Process

The complaint fails to state a claim for a violation of plaintiff's procedural due process rights. Plaintiff alleges he was denied a Staff Assistant and the right to be present at the disciplinary hearing for RVR Log No. 7295122. (ECF No. 1 at 28-29.) Prisoners are afforded certain minimum procedural safeguards in regard to prison disciplinary actions. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Here, though, exhibits attached to the complaint make clear that RVR Log No. 7295122 was ordered reissued and reheard to correct the violations in process about which plaintiff complains. (Id. at 70.) No due process claim lies where the alleged procedural errors were corrected through the administrative process. Frank v. Schultz, 808 F.3d 762, 763 (9th Cir. 2015).

#### 2. Equal Protection

The complaint states an equal protection claim against defendant Alvarez only. To state claim for a violation of the Equal Protection Clause, a plaintiff must generally show the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005). A plaintiff must allege facts demonstrating "intentional unlawful discrimination or…

---

[1] Plaintiff further alleges defendants harassed him, treated him disrespectfully, and acted unprofessionally. Plaintiff's allegations of harassment, verbal insults, and disrespect do not state a Constitutional claim. See generally Oltarzerski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Austin v. Terhune, 367 F.3d 1167. 1171-72 (9th Cir. 2004).

facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).

Plaintiff adequately alleges membership in a protected class. Only defendant Alvarez is alleged to have discriminated against plaintiff based on plaintiff's membership in a protected class. The facts alleged are susceptible of an inference of discriminatory intent where defendant allegedly insulted plaintiff with a derogatory racial slang and made African American/Black inmates do more work in the main kitchen than other races. As to the other defendants, no specific allegations suggest intentional discrimination in violation of the Equal Protection Clause. See Twombly, 550 U.S. at 555-57 ("[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim); Todd v. Briesenick, No. 13–CV–0753 (KJM)(KJN), 2013 WL 2151658, at *5 (E.D. Cal. May 16, 2013) (granting motion to dismiss where "plaintiff [did] not provide specific facts, beyond mere speculation, supporting his claims that defendants treated him differently from similarly situated persons").

### 3. Retaliation

The right of access to the courts extends to the exercise of established prison grievance procedures, Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), such that a prisoner may not be retaliated against for using such procedures. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (discussing elements of retaliation claim). In order to state a retaliation claim, a plaintiff must plead facts suggesting that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

The complaint states a First Amendment retaliation claim against defendant Norman only. The complaint does not plead specific facts suggesting any defendant other than Norman knew about plaintiff's protected activity and took an adverse action that was causally connected to plaintiff's protected activity. See Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir. 1990) ("Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.").

### C. State Law Claims

Plaintiff alleges violations of the California Constitution, the California Code of Regulations, and the Tom Bane Civil Rights Act ("Bane Act"). The complaint does not, however, plead any facts suggesting compliance with California's Government Claims Act ("GCA"). No state lawsuit for money or damages may be brought against a public entity unless those claims have been presented for review and rejects them by issuing notice or failing to act. See Cal. Gov't Code § 900 et seq. "Compliance with [the GCA] is required before Plaintiff may sue a state entity or its officers for tort violations and claims under the California Constitution or the Bane Act." Davis v. Allison, No. 1:21-CV-00494-JLT-HBK-PC, 2023 WL 6796753, at *5 (E.D. Cal. Oct. 13, 2023) (citing collected cases), report and recommendation adopted sub nom. Davis v. Godwin, No. 1:21-CV-00494-JLT-HBK-PC, 2023 WL 8789296 (E.D. Cal. Dec. 19, 2023). Plaintiff's complaint does not allege compliance with the GCA and therefore fails to plead any state law claim for damages. See Mohsin v. California Dep't of Water Res., 52 F. Supp. 3d 1006, 1017 (E.D. Cal. 2014) (dismissing state law claims for failure to allege compliance with GCA). It is possible plaintiff could remedy this defect by alleging further facts if plaintiff timely presented his claims. Plaintiff will have an opportunity to amend.

### IV. Leave to Amend

Plaintiff's complaint states a Fourteenth Amendment equal protection claim against defendant Alvarez and a First Amendment retaliation claim against defendant Norman. No other claims are stated. Plaintiff may proceed on the claims stated or plaintiff may file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If plaintiff chooses to proceed on the claims stated, the court will construe this choice as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. Then the court will send plaintiff the necessary forms for the complaint to be served on defendants Norman and Alvarez.

Plaintiff must complete and return to the court the attached notice along with any optional amended complaint if plaintiff chooses to amend. This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir.

2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Any amended complaint should be titled "First Amended Complaint" and should reference the case number.

### V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

The court has screened your complaint and found it states a retaliation claim against defendant Norman and an equal protection claim against defendant Alvarez. You must complete the attached notice and return it to the court within 30 days from the date of this order, along with any optional amended complaint, informing the court how you choose to proceed.

### VI. Conclusion

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's complaint states a retaliation claim against defendant Norman and an equal protection claim against defendant Alvarez; plaintiff may proceed on these claims or file an amended complaint.

2. Within thirty (30) days of the date of this order, plaintiff shall complete and return the attached Notice of Election form along with any optional amended complaint.

3. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: June 30, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, fear3567.scrn.elect

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUES OMAR FEARENCE,<br><br>   Plaintiff,<br><br>   v.<br><br>CDCR, et al.,<br><br>   Defendants | 2:24-cv-3567-WBS-CKD P<br><br>NOTICE OF ELECTION |

Check **one**:

\_\_\_\_\_   Plaintiff wants to proceed on the complaint as screened with a retaliation claim against defendant Norman and an equal protection claim against defendant Alvarez. Plaintiff understands that by choosing to proceed on these claims, he is requesting to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

\_\_\_\_   Plaintiff wants to amend the complaint.

DATED:_____       _____
                                                                              Plaintiff

8