UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUES OMAR FEARENCE,<br><br>           Plaintiff,<br><br>      v.<br><br>CDCR, et al.,<br><br>           Defendants. | 2:24-cv-3567-WBS-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff Jaques Fearence, a state prisoner, filed this action in the Solano County Superior Court and defendants removed the case to this court.[1] Previously, the court screened plaintiff's original complaint and found it stated a Fourteenth Amendment equal protection claim against defendant Alvarez and a First Amendment retaliation claim against defendant Norman. Plaintiff elected to file a first amended complaint ("FAC") which is before the court for screening. See 28 U.S.C. § 1915A(a). (ECF No. 9.) Prior to filing the FAC, plaintiff also filed a motion for an extension of time to file the amended complaint and requesting a stay and abeyance. (ECF No 7.) To the extent plaintiff requested an extension of time to file the amended complaint, the motion is granted; the FAC is timely filed.

---

[1] Because plaintiff proceeds pro se, this matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1).

1

I.     **Allegations in the FAC**

The events described allegedly occurred at California Medical Facility ("CMF") in Vacaville, California. (ECF No. 9 at 1-3.) Plaintiff had a full-time assignment in the Main Kitchen, where defendant S. Norman treated plaintiff and inmates close to plaintiff differently and less favorably than her "favorite inmates" who only did the bare minimum of work and got "extra food or whatever they wanted[.]" (Id. at 3.) After plaintiff filed a grievance alleging staff misconduct by defendant Norman, she retaliated against him with "intimidation and coercion with her other inmate workers [and coworkers,]" threats to fire plaintiff from his job assignment, a recommendation for reassignment on false pretenses, and frivolous Rules Violations Reports. (Id. at 4-6.) Norman "coerced plaintiff's supervisor to fabricate his job performances and work supervisor's reports, implicating poor performance, poor behavior, and poor attitude[.]" (Id. at 5.)

Defendant Alvarez, who also worked in the Main Kitchen, was abusive, profane, and discriminatory toward plaintiff. (ECF No. 9 at 6.) Alvarez made the African American/Black inmates do more work than inmates of other races in the Main Kitchen and stated, "Black inmates are lazy!" (Id. at 7, 10.) On April 23, 2023, Alvarez addressed plaintiff with a derogatory racial slang reference. (Id. at 8.) Alvarez said, "Ill fuck up your date with the board, because I know you're a lifer 'FUCKING NIGGER IN SPANISH[.]'" Her acts were in retaliation "in regards to Defendant Norman[.]" (Id. at 7.) Alvarez lied and had plaintiff escorted out of his job assignment for no reason at all. (Id. at 9.)

Plaintiff has a severe vision impairment/disability. (ECF No. 9 at 11.) On February 13, 2023, plaintiff was emerging from Chapel B when defendant Crosby denied plaintiff access to the elevator for inmates with impairments/disabilities because Crosby assumed plaintiff was trying to roam the hallways of Unit 1. (Id. at 11.) "Crosby also took it so far as to coerce and instruct his co-workers not to let plaintiff report to his job assignment… because of the fact [plaintiff] informed Crosby that he would be filing a grievance of misconduct against him." (Id. at 12.)

On April 29, 2023, defendant Vang asked if plaintiff wanted to attend a hearing for RVR Log Number 7288732. (ECF No. 9 at 13.) Vang returned with forms for plaintiff to sign as to RVR Log Number 7288732 and 7295122. (Id. at 13.) Vang tried to coerce plaintiff into signing

2

both forms stating if plaintiff refused, a guilty verdict would be rendered. (Id. at 13-14.) Vang told plaintiff Lt. J. Thurmon would not adjudicate both RVRs at the same time. (Id. at 14.)

Plaintiff signed for RVR 7288732 and refused to sign for RVR 7295122, stating he wanted to be present for the hearing of the latter. (ECF No. 9 at 14.) Plaintiff also asked for a Staff Assistant. (Id.) Vang incorrectly stated plaintiff did not meet the criteria which was false due to plaintiff's impairment/disability. (Id.)

Vang, Sands, and Thurmon adjudicated and signed off on a guilty verdict for RVR 7295122 even though plaintiff and his staff assistant were not present. (ECF No. 9 at 14.) RVR 7295122 was ordered reissued and reheard to correct the violations in process and "is still pending to this day." (Id.)

Plaintiff alleges violations of his rights under California's Tom Bane Civil Rights Act, the California Code of Regulations, the California Constitution, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the First Amendment, and the Americans with Disabilities Act ("ADA"). He seeks damages and injunctive relief. (ECF No. 9 at 32.)

II. Discussion

A. ADA

The FAC does not state a claim under Title II of the ADA for the same reasons set forth in the court's prior screening order. (See ECF No. 6 at 3-4.) Assuming that plaintiff is a qualified individual with a disability, he does not allege facts suggesting defendant Crosby denied him access to the elevator because of his disability or otherwise discriminated against plaintiff because of his disability. Instead, defendant Crosby denied plaintiff access to the elevator because Crosby assumed plaintiff was trying to roam the hallways of Unit 1. This does not state a claim under the ADA. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002) ("To establish a violation of Title II of the ADA, a plaintiff must show that (1) [ ]he is a qualified individual with a disability; (2) [ ]he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability.").

////

### B. Federal Constitutional Claims

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. Plaintiff asserts violations of his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Plaintiff also alleges defendants retaliated against him for filing grievances.[2]

#### 1. Procedural Due Process

The FAC fails to state a claim for a violation of plaintiff's procedural due process rights for the same reasons set forth in the court's prior screening order. (See ECF No. 6 at 4.) Although the FAC alleges the RVR is still pending, no due process claim lies where the specific alleged procedural errors of which plaintiff complains were corrected through the administrative process. See Frank v. Schultz, 808 F.3d 762, 763 (9th Cir. 2015); Morissette v. Peters, 45 F.3d 1119, 1122 (7th Cir. 1995) (per curiam) ("There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process. The administrative appeal process is part of the due process afforded prisoners." (citation omitted)). Here, RVR Log No. 7295122 was ordered reissued and reheard to correct the procedural error in the form of plaintiff and his staff assistant not being present for the hearing.

#### 2. Equal Protection

The complaint states an equal protection claim against defendant Alvarez and no other defendants for the same reasons discussed in the court's prior screening order. (See ECF No. 6 at 4-5.) Only defendant Alvarez is plausibly alleged to have discriminated against plaintiff based on plaintiff's membership in a protected class. See Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998) (in order to state an equal protection claim, a plaintiff must allege facts demonstrating intentional unlawful discrimination based upon membership in a protected class or facts that are at least susceptible of an inference of discriminatory intent).

---

[2] Plaintiff further alleges defendants harassed him, treated him disrespectfully, and acted unprofessionally. Plaintiff's allegations of harassment, verbal insults, and disrespect do not state a Constitutional claim. See generally Oltarzerski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Austin v. Terhune, 367 F.3d 1167. 1171-72 (9th Cir. 2004).

4

### 3. Retaliation

The FAC states a First Amendment retaliation claim against defendant Norman and defendant Crosby only. The FAC does not plead specific, non-conclusory facts suggesting any other defendant knew about plaintiff's protected activity and took an adverse action that was causally connected to plaintiff's protected activity. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (in order to state a retaliation claim, a plaintiff must plead facts suggesting that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct).

### 4. CDCR

Plaintiff may not pursue a claim for relief under 42 U.S.C. § 1983 against CDCR. As a state agency, CDCR is not a person within the meaning of section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983). Moreover, the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. See Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) ("[t]he district court correctly held that the California Department of Corrections ... [was] entitled to Eleventh Amendment immunity.").

### C. State Law Claims

Plaintiff alleges violations of the California Constitution, the California Code of Regulations, and the Tom Bane Civil Rights Act ("Bane Act"). The FAC alleges plaintiff "complie[d] with California's Government Claims Act due to the fact he had presented his claims with the agency, but the GCA failed to act within the timeframe that was 45 days[.]" (ECF No. 9 at 25.)

California's Tom Bane Civil Rights Act ("Bane Act") imposes liability on a person who "interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise" of an individual's state or federal right. Cal. Civ. Code, § 52.1(b).) A Bane Act claim requires the following: (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion. Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67

(3rd Dist. 2015) (citing Jones v. Kmart Corp. 17 Cal.4th 329, 334 (1998)). To prevail on a Bane Act claim, a plaintiff must establish the defendant had a "specific intent" to violate his rights. Reese v. Cnty. of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018).

The FAC states a Bane Act claim against defendants Norman and Crosby based on allegations that these defendants interfered or attempted interference with plaintiff's state and federal rights under the First Amendment, under article I, section 3 of the California Constitution, and under Title 15 of the California Code of Regulations, § 3481, pertaining to plaintiff's right to be free from retaliation for utilizing the grievance process.

The FAC states a Bane Act claim against defendant Alvarez based on allegations that Alvarez interfered or attempted interference with plaintiff's rights under the Fourteenth Amendment, under article I section 7 of the California Constitution, and under Title 15 of the California Code of Regulations, § 3004, pertaining to plaintiff's right to be free from discrimination on account of race.

The FAC does not state any other California law claims. Although plaintiff alleges the individual defendants' conduct violated several other sections of the California Code of Regulations, the FAC does not allege facts showing intentional interference or attempted interference with plaintiff's legal rights by threats, intimidation or coercion based on alleged violations of those rules of conduct. As to CDCR itself, the defendant is immune from suit. See Arellano v. Guldseth, No. 20-CV-1633 TWR (RBM), 2020 WL 6381896, at *5 (S.D. Cal. Oct. 30, 2020) (citing collected cases holding that the Eleventh Amendment bars suit because California has not consented to suit in federal court under the Bane Act); see also Cal. Civ. Code § 844.6 (except under some limited statutory exceptions to immunity, a public entity is not liable for an injury to any prisoner).

### III. Conclusion

The FAC states a Fourteenth Amendment equal protection claim against defendant Alvarez, a First Amendment retaliation claim against defendant Norman, a First Amendment retaliation claim against defendant Crosby, and related claims under the Bane Act against these three defendants. No other claims are stated.

6

Plaintiff was previously advised of deficiencies in his claims and presented substantially the same allegations in the FAC on the non-cognizable claims. It now clearly appears plaintiff is unable to state additional claims for relief. Accordingly, it is recommended that all other claims be dismissed without further leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Defendants CDCR, Vang, Thurmon, and Sands should be dismissed from this case.

### IV.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

The court has screened your first amended complaint and found it states retaliation claims against defendants Norman and Crosby, an equal protection claim against defendant Alvarez, and Bane Act claims against defendants Norman, Crosby, and Alvarez. It is being recommended that your other claims be dismissed from this case. If you disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations."

### V.     Order and Recommendation

In accordance with the above, IT IS ORDERED that plaintiff's motion for an extension of time to file the first amended complaint (ECF No. 7) is GRANTED.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's first amended complaint (ECF No. 9) be found to state a Fourteenth Amendment equal protection claim against defendant Alvarez, a First Amendment retaliation claim against defendant Norman, a First Amendment retaliation claim against defendant Crosby, and claims under the Bane Act against these defendants.
2. All other claims be dismissed without further leave to amend.
3. Defendants CDCR, Vang, Thurmon, and Sands be dismissed from this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after

7

being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 18, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, fear3567.scrn.fac.fr